This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Paul Wellman, appeals from a judgment of the Wayne County Court of Common Pleas that adjudicated him a sexual predator. This Court affirms.
On January 7, 1994, Wellman entered a plea of no contest to one count of corrupting a minor and one count of pandering sexually oriented matter involving a minor. He was convicted and sentenced accordingly. Both convictions stemmed from a single incident that occurred during August 1991 in which Wellman, then thirty-eight years old, had sexual intercourse with a thirteen-year-old girl and videotaped the entire incident. The videotape was discovered, apparently several months later, by a member of Wellman's household. The tape was eventually given to the victim's mother who contacted authorities.
On December 13, 2000, the trial court held a sexual predator hearing, after which it adjudicated Wellman a sexual predator. Wellman appeals and raises three assignments of error.
Assignment of Error I
 The appellant's classification as a "sexual predator" is against the manifest weight of the evidence.
Wellman contends that that the trial court's finding that he should be classified as a sexual predator was against the manifest weight of the evidence. "This court applies the same standard in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden (Feb. 2, 2000), Medina App. No. 2984-M, unreported, at 3. In reviewing a manifest weight challenge, this court:
 must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Pursuant to R.C. 2950.01(G)(3), an offender is "`adjudicated as being a sexual predator'" if:
 [p]rior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Wellman does not dispute that he was convicted of a sexually-oriented offense prior to January 1, 1997 or that he was imprisoned at the time of his adjudication as a sexual predator. He takes issue only with the trial court's determination that he was a sexual predator.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The only dispute here is whether the weight of the evidence supported the trial court's finding that Wellman is likely to commit a sexually oriented offense in the future. In making that determination, the trial court must consider all relevant factors, including:
(a) The offender's age;
* * *
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
* * *
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
* * *
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). The trial court must make such a finding by clear and convincing evidence. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that which will produce in the trier of fact "a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Wellman asserts that the trial court found him likely to commit a future sexually oriented offense based on nothing more than the facts surrounding his conviction. A review of the record reveals, however, that the trial court had much more evidence before it, going to several of the statutory factors.
At the sexual predator hearing, the trial court had before it the transcripts of Wellman's plea and sentencing hearings, the presentence investigation report, the testimony of the probation department employee who conducted the presentence investigation, and Wellman's entire criminal file.
These sources revealed that Wellman admitted that, at the age of thirty-eight, he had sexual intercourse with the victim, who was "barely" thirteen years old at the time of the offense. The offense apparently occurred shortly after her thirteenth birthday. Wellman videotaped the incident, which led to his conviction of pandering sexually-oriented matter involving a minor. At the sentencing hearing, Wellman's attorney stressed that the videotape had not been prepared for purposes of profit or publication to others. As the prosecutor and the trial judge stressed at the sexual predator hearing, however, the fact that the incident was preserved on videotaped gave Wellman himself the opportunity to view the act repeatedly and to show it to others. In fact, it had been alleged that he showed the videotape to his young stepdaughter and then had sexual intercourse with her. Wellman apparently had the videotape in his possession for several months before it was discovered by a member of his household. He had recorded the incident for some purpose and the most logical inference is that he intended to, and probably did, view the tape after the incident.
Although Wellman never denied having intercourse with the victim, he explained to the police and others that this was an isolated incident. He described to them a scenario that simply was not believable. Wellman claimed that he had taken medication for a bad headache and was asleep in his bed when he heard someone, whom he thought was his wife, come into the room. She began having sexual intercourse with him and he did not initially realize that it was not his wife in bed with him. As the trial judge noted at the sentencing hearing, Wellman's account of the events was "preposterous." Wellman admitted that he continued having intercourse with the victim even after he realized she was not his wife. Moreover, Wellman had set up a videotape camera prior to the incident and those who viewed the videotape explained that Wellman can be seen on the tape adjusting the victim for videotape production purposes.
The forensic counselor who interviewed Wellman as part of the presentence investigation stressed that Wellman's failure to admit what actually happened between him and the victim presents an obstacle to his recovery. Because Wellman would not even admit that he had deliberately committed an offense, the counselor opined that he would not be amenable to sexual offender treatment. The forensic counselor concluded that there is a medium to high risk that Wellman will commit further sexual offenses.
Wellman offered no evidence of any mitigating factors. He apparently has not undergone any treatment, nor was there any evidence that Wellman now accepts responsibility for his actions. Based on the evidence before the trial court, this Court cannot say that it lost its way in concluding that Wellman is likely to commit a sexually oriented offense in the future. The first assignment of error is overruled.
Assignment of Error II
 H.B. 180 is void for vagueness as applied to appellant since it compels a court to make a preponderance determination based upon clear and convincing evidence.
Wellman asserts that R.C. Chapter 2950 is unconstitutionally void for vagueness as applied to him because it requires proof by clear and convincing evidence of the offender's likelihood to commit future sex offenses. The argument he asserts is virtually identical to the facial vagueness argument addressed by the Ohio Supreme Court in State v.Williams (2000), 88 Ohio St.3d 513. The Supreme Court's rejection of that argument applies with equal force here:
 The defendants argue that use of the "clear and convincing" standard to make a finding that a sex offender is likely to commit future offenses is illogically vague. We fail to understand, however, how the likelihood of future conduct and the burden of proof required to make that finding conflict in such a manner as to render the statute vague. "This assessment of probability is both conceptually and practically distinct from the burden of proof. A `burden of proof' is the duty imposed * * * on the party who is legally required to persuade a trier of fact that the party is entitled to some form of legal redress. In this case, the clear-and-convincing-evidence standard requires the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense in the future." Ward, 130 Ohio App.3d at 569, 720 N.E.2d at 616. Therefore, we find nothing impermissibly vague about the use of the clear and convincing standard in R.C. Chapter 2950.
Williams, 88 Ohio St.3d at 533. Wellman's second assignment of error is overruled.
Assignment of Error III
 The trial court erred by admitting a psychological report at appellant's sexual predator hearing, over the objections of counsel, where the individual who prepared such was not present at the hearing.
Through his final assignment of error, Wellman argues that the trial court erred in admitting the presentence investigation report because it was hearsay. However, in State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court held "that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Although Wellman asserts that the Cook holding was limited to "recently-prepared" presentence investigation reports, this Court finds no language in the Cook opinion to suggest that its holding was so limited. As Wellman cites no other authority to support his argument, his third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
SLABY, P.J. and WHITMORE, J. concur.